**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MCKAY (individually), MICHAEL MCKAY, on behalf of the Estate of Steven McKay (deceased),<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 24-cv-9863 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

Before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (D.E. No. 4.) Having considered the parties' submissions, (D.E. No. 4-1 ("Def. Mov. Br."); D.E. No. 8 ("Pl. Opp. Br."); D.E. No. 11 ("Def. Reply Br.")), the Court decides this matter without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, Defendant's motion will be GRANTED.

**I.    BACKGROUND**

Plaintiffs allege that on September 20, 2021, Steven McKay ("decedent"), a patient at the East Orange VA Medical Center, ("the facility"), slipped and fell while under the facility's care. (D.E. No. 1, Ex. A to Notice of Removal ("Compl.") ¶¶ 1-2.) The fall "resulted in Steven McKay suffering fatal injuries causing his death on September 22, 2021." (Id. ¶ 5.) On February 4, 2022,

Plaintiffs' attorney allegedly sent a letter to the East Orange VA Medical Center notifying it of Plaintiffs' tort claim against the facility. (Pl. Opp. Br. at 2-3, 11.) Plaintiffs provide a copy of the letter allegedly sent to the East Orange VA Medical Center but provide no proof of receipt. (Id.) The letter, entitled "Tort Claim Notice," is addressed to "East Orange VA Medical Center, Attn: Legal Department" at 385 Tremont Avenue in East Orange and appears to have been sent "Via Regular Mail." (Id.) The letter states that Plaintiffs' attorney represents "Mr. Steven McKay with regard to the injuries and suffering sustained as a result of possible Medical Malpractice/Negligence," and demanded $2,000,000 for the event dated "09/21/2021." (Id.) Defendant United States alleges that neither the East Orange VA Medical Center nor the VA North Atlantic District Office of the General Counsel ever received Plaintiffs' letter or any other administrative tort claim. (Def. Reply Br. at 7.)

On September 22, 2023, Plaintiffs filed the instant complaint against the East Orange VA Medical Center in the Superior Court of New Jersey, Law Division, Essex County. (D.E. No. 1.) On October 17, 2024, the East Orange VA Medical Center removed this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1442(a) and 28 U.S.C. § 2679, and substituted the United States as the sole Defendant.[1] (Id.) Thereafter, Defendant filed the instant motion to dismiss, claiming this Court does not have subject matter jurisdiction over this case because Plaintiffs failed to exhaust their administrative remedies under the FTCA prior to

---

[1] Defendant alleges that removal under 28 U.S.C. § 1442(a)(1) is timely under 28 U.S.C. § 1446(b) because the instant case involves an action against an agency of the United States and Plaintiffs' attempt to effectuate service did not comply with Federal Rule of Civil Procedure 4(i) governing service of a complaint on a United States agency. (D.E. No. 1 at 3.) Defendant also alleges that removal is proper under 28 U.S.C. § 1346(b) and 28 U.S.C. § 2679(d)(2) because Plaintiffs' tort claims against the East Orange VA Medical Center fall within the scope of the Federal Tort Claims Act ("FTCA"), under which the United States District Courts have exclusive jurisdiction and the proper defendant is the United States. (Id. at 4.) Furthermore, removal is proper as the state court case had not yet proceeded to trial. (Id.)

2

filing suit. (D.E. No. 4.) Defendant also claims that the time for Plaintiffs to exhaust their administrative remedies expired in September 2023, and any request by Plaintiffs for leave to file an amended pleading should be denied as futile. (Def. Mov. Br. at 1.)

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), the Court may dismiss a complaint for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's jurisdiction. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that a claim, on its face, is "insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law," whereas a factual challenge maintains "that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2012).

Here, Defendant's motion to dismiss is an attack on whether the Court has subject matter jurisdiction over Plaintiffs' claims due to Plaintiffs' alleged failure to exhaust their administrative remedies under the FTCA prior to filing suit. The Court treats this motion as a factual challenge. See Medina v. City of Philadelphia, 219 F. App'x 169, 172 (3d Cir. 2007) (motion to dismiss based on failure to exhaust administrative remedies under FTCA treated as factual attack); Vargas v. Eckhardt, 2018 WL 4676050, at *4 (D.N.J. Sept. 28, 2018) (same); Arias v. United States, 2007 WL 608375, at *2 (D.N.J. Feb. 23, 2007) (same); Levine v. United States, 2016 WL 3360663, at *2 (D.N.J. June 8, 2016) (same), amended on reconsideration, 2016 WL 3647320 (D.N.J. July 6, 2016). Therefore, the Court is not limited to the allegations of the complaint and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

3

### III. DISCUSSION

Plaintiffs seek to recover damages related to the pain and suffering sustained by Steven McKay, resulting in his death, due to the alleged negligence of the East Orange VA Medical Center, part of the U.S. Department of Veterans Affairs, a federal agency. However, "[i]ndividual agencies of the United States may not be sued in their own name" in a suit "for personal injuries arising out of the negligence of federal employees" and instead, the United States is the proper defendant. See Dilg v. United States Postal Serv., 635 F. Supp. 406, 407 (D.N.J. 1985). The FTCA is the exclusive remedy for tort claims against the United States. See Santos v. United States, 559 F.3d 189, 193 (3d Cir. 2009). Under the FTCA, the United States may be liable "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. §§ 2679(b)(1), 1346(b). Pursuant to the FTCA, "a claimant seeking money damages may not file a tort claim for injury caused by the negligence, wrongful acts, or omission of any Government employee in the scope of his employment against the United States 'unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency.'" Medina, 219 F. App'x at 172 (quoting 28 U.S.C. § 2675(a)). To satisfy this "presentment" requirement, a plaintiff must file written notice of the claim within two years after the claim accrues to the appropriate federal agency and make a demand for a sum certain. See 28 U.S.C. § 2675(a) & (b); see also 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). A claim is presented when

the agency receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury." 28 C.F.R. § 14.2. "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." 28 U.S.C. § 2675(a). "The final denial requirement is 'jurisdictional and cannot be waived.'" Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009) (quoting Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971)). The plaintiff has the burden of demonstrating that a proper administrative claim was filed. See Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir. 1989). A failure to comply with the prerequisites set forth in the FTCA prior to filing suit deprives a court of jurisdiction. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

      Here, Defendant asserts that Plaintiffs failed to exhaust the administrative remedies of the FTCA, thus depriving this Court of jurisdiction, because Plaintiffs did not properly present an administrative tort claim to the appropriate federal agency prior to filing suit. (Def. Mov. Br. at 5.) In support, Defendant submits two declarations of Department of Veterans Affairs Paralegal Specialist Ann M. Gavin-Lawrence. (D.E. No. 4-2, Declaration of Ann M. Gavin-Lawrence, ("Gavin-Lawrence Decl."); D.E. No. 11-1, Second Declaration of Ann M. Gavin-Lawrence, ("Second Gavin-Lawrence Decl.").) Ms. Gavin-Lawrence asserts that she searched the agency's General Counsel GCLaws Database, the system where VA staff enter tort claims received by the agency, but found no claims when searching the names "Steven McKay," "McKay, Steven," "Michael, McKay," "McKay, Michael," or "McKay" relating to the allegations in the complaint. (Gavin-Lawrence Decl. ¶ 4; Second Gavin-Lawrence Decl. ¶ 4.) Ms. Gavin-Lawrence also states

that she "contacted the VA North Atlantic District Office of the General Counsel and East Orange VA Medical Center and confirmed that neither office received an administrative tort claim from the Plaintiff." (Second Gavin-Lawrence Decl. ¶ 5.)

Plaintiffs assert that they have satisfied the presentment and exhaustion requirements under the FTCA because on February 4, 2022, Plaintiffs "submitted [a letter] to the VA hospital where the accident took place" notifying it of Plaintiffs' claim. (Pl. Opp. Br. at 2-3.) In support, Plaintiffs submit a copy of the letter allegedly sent to the East Orange VA Medical Center and argue that this correspondence, along with Defendant's failure to respond to the letter, is sufficient to satisfy the presentment and exhaustion requirements of the FTCA. (Id. at 2-3, 11.) Defendant argues that this correspondence is insufficient because Plaintiffs failed to demonstrate that the agency actually received the claim, as is required under the FTCA. The Court agrees with Defendant.

"In order to satisfy the presentment requirement, a plaintiff must demonstrate that the appropriate federal agency ***actually received*** the claim." Medina, 219 F. App'x at 172 (emphasis added). "[P]roof of receipt can easily be obtained by sending a claim by certified mail or by registered mail, or by obtaining acknowledgment of receipt from the agency itself." Id. at 172–73. "The Third Circuit has expressly held that mere mailing of a claim will not satisfy an FTCA plaintiff's burden of demonstrating that the claim has been presented to the appropriate agency, within the meaning of 28 U.S.C. § 2675(a)." Vargas, 2018 WL 4676050, at *4; see Lightfoot v. United States, 564 F.3d 625, 627-28 (3d Cir. 2009) ("We now join these sister Courts in rejecting the mailbox rule and holding that a plaintiff must demonstrate that the Federal agency was in *actual receipt* of the claim[.]" (emphasis added)); Medina, 219 F. App'x at 172-74 (affirming dismissal of FTCA claim for lack of subject matter jurisdiction where federal agency's employees certified that agency had no record of administrative claim submitted by plaintiff, despite sworn affidavit

6

of plaintiff's counsel stating claim had been sent).  Indeed, district courts in this jurisdiction have routinely dismissed FTCA claims absent proof that an administrative claim was actually received by a federal agency by either proof of receipt by certified or registered mail or acknowledgment of the claim by the federal agency.  See Vargas, 2018 WL 4676050, at *4 (copy of claim and envelope addressed to federal agency was insufficient to demonstrate presentment requirements of FTCA); Arias, 2007 WL 608375, at *5 (claim allegedly sent via regular mail along with attorney affidavit certifying that administrative claim was filed was insufficient to prove agency received claim); Moore v. Claremont Clinton, LLC, 2018 WL 4110943, at *4 (D.N.J. Aug. 29, 2018) (plaintiff's letter purportedly sent to Social Security Administration without proof of agency's receipt of claim was insufficient to establish presentment and exhaustion of administrative remedies under 28 U.S.C. § 2675(a)).

Here, Plaintiffs submit no proof of receipt of the February 4, 2022 correspondence to the East Orange VA Medical Center.  Plaintiffs provide a copy of a letter, entitled "Tort Claim Notice," addressed to "East Orange VA Medical Center, Attn: Legal Department" at 385 Tremont Avenue in East Orange that appears to have been sent "Via Regular Mail." (Pl. Opp. Br. at 11.)  The letter states that Plaintiffs' attorney represents "Mr. Steven McKay with regard to the injuries and suffering sustained as a result of possible Medical Malpractice/Negligence," and demanded $2,000,000 for the event dated "09/21/2021." (Id.)  Plaintiffs submit no proof, however, that this letter was in fact ***actually received*** by the federal agency.  Indeed, Plaintiffs merely provide a copy of the letter allegedly sent on February 4, 2022, but provide no registered or certified mail receipt of the letter or acknowledgment by the Department of Veterans Affairs of the claim.  In short, Plaintiffs' failure to provide proof of the agency's receipt of the claim purportedly sent on February 4, 2022, prevents Plaintiffs from carrying the burden of fulfilling the presentment and exhaustion

7

requirements of the FTCA prior to filing suit as required by 28 U.S.C. § 2675(a).  See Medina, 219 F. App'x at 172-74.  Therefore, the Court holds that it lacks subject matter jurisdiction over the complaint, and Plaintiffs' claims are dismissed without prejudice.  See In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997) (holding that a case must be dismissed without prejudice if a court lacks subject matter jurisdiction).

    Further, the Court will not grant leave to amend.  Defendant argues that any request by Plaintiffs for leave to file an amended pleading should be denied as futile because Plaintiffs' time to exhaust administrative remedies expired in September 2023.  (Def. Mov. Br. at 1, 5-6.)  Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  Defendant alleges that the claim accrued in September 2021 and thus, Plaintiffs' opportunity to present a claim in writing to the appropriate agency expired in September 2023.  (Def. Mov. Br. at 5-6.)  Defendant states that "[b]ecause Plaintiffs failed to file an administrative tort claim by that time, their tort claims are forever barred against the United States," and any amendment would be futile.  (Id.)

    While the Court agrees that leave to amend is not warranted in the instant case, the Court need not address the statute of limitations issues at this time.  The Court finds that it lacks subject matter jurisdiction over this case due to Plaintiffs' failure to exhaust the administrative remedies of the FTCA prior to filing suit, any amendment would not cure this jurisdictional defect as the exhaustion requirements must occur prior to filing, and thus leave to amend is not warranted.  However, a failure to file within this two-year time period does not deprive this Court of jurisdiction but appears to render this action time-barred absent equitable tolling.  See United States v. Wong, 575 U.S. 402, 410 (2015).  As Plaintiffs' complaint is dismissed due to their failure

to exhaust the administrative remedies of the FTCA prior to filing suit, the issue of whether any future exhaustion attempt is barred as untimely is not yet at issue before the Court. Should Plaintiffs now choose to present an administrative claim to the appropriate agency, exhaust the administrative remedies of the FTCA, and subsequently file suit which the United States opposes, then the court will properly address the statute of limitations issue and timeliness of Plaintiffs' administrative claim.

## IV.     CONCLUSION

For the reasons set forth above, **IT IS** on this 26th day of February, 2025, hereby **ORDERED** that Defendant's motion to dismiss, (D.E. No. 4), is GRANTED, and this case is dismissed without prejudice for lack of subject matter jurisdiction.

s/Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.

Dated: February 26, 2025